1. Judith Pasteur, mother of the complainant, was seized in fee of a piece of land in New Bern, described in the complainant's bill, at the time of the contract hereinafter mentioned with Jones Neale.
2. That John Jones and Abner Neale were at the time of the said contract partners in trade, under the firm of Jones Neale.
3. Some time before the 1st October, 1785, it was agreed (394) between Judith Pasteur, of one part, and Abner Neale, in the name of the company of Jones Neale (but in the absence of Jones from New Bern) of the other part, that Jones Neale should put upon the land before mentioned, at the expense of Jones Neale, such buildings as the company should have occasion to use in the course of their trade; and when the buildings are completed, persons should be appointed by the parties mutually to name a term of years for which said Jones Neale should have the land on lease, in consideration of their putting and leaving, at the expiration of the term, the buildings upon the land.
4. That in pursuance of such agreement between Judith Pasteur and Abner Neale, Neale put upon the land, at the expense of the company, buildings of the value of £ 400, and a term of seven years was named by persons mutually chosen as aforesaid.
5. That in further pursuance of such agreement between Judith Pasteur and Abner Neale, the said Judith, on the 1st October, 1785, executed the lease hereto annexed.
6. That the company of Jones Neale occupied the said lands and buildings for the purpose of carrying on trade and merchandise from the date of the said lease till the 30th day of April, 1787; when Jones, for a valuable consideration, assigned his interest in the lease to Abner Neale.
7. That Abner Neale, on the 9th day of August, 1787, for a valuable consideration, assigned all his interest in the lease to Richard Ellis.
8. That said Richard Ellis, by himself and others, his tenants, occupied and enjoyed the premises from the last mentioned assignment till about the 28th September, 1791, when said buildings were consumed by fire.
9. That Richard Ellis died in the year 1792, and George Ellis obtained administration on his personal estate.
10. That Judith Pasteur, in the month of July, 1786, in consideration of the natural love and affection which she had and bore to her son, the complainant, assigned all her interest in the premises to him.
EDWARD GRAHAM, C. M. E. N. D.
(395) The clause in the lease by which the complainant insisted the defendants were bound to leave the buildings, etc., on the land is *Page 329 
as follows: "And the said Jones Neale do, for themselves, their heirs, executors, administrators, and assigns, covenant and agree to and with the said Judith Pasteur, her heirs, executors, and administrators, that they, the said Jones Neal, their heirs, executors, administrators, and assigns, will leave all houses, outhouses, fences, and other improvements that are now on the said part of a lot or parcel of land, or that they or any of them may erect hereafter on the same, in good tenantable order and repair, under the penalty of paying double the value thereof to the said Judith Pasteur, her heirs, executors, administrators, or assigns; and that they will not move off the premises any house, outhouse, fence, or other improvements which they have already built, or may hereafter build thereon, under the like penalty."
It is expressed in the agreement between Judith Pasteur and Abner Neale, amongst other things, that said Jones Neale "shall put and leave, at the expiration of the term, the buildings upon the land." In the lease from Judith Pasteur to Jones Neale there is a covenant on the part of the lessee "that they, their heirs, executors, administrators, and assigns, will leave all houses, etc., that are now on the said lot, etc., or that they or any of them may erect hereafter on the same, in good tenantable order and repair." The lessees accepted of the lease, and enjoyed the premises under it. I am of opinion that the lessees are liable under that covenant, and that the rule of law is well established that where a lessee covenants to repair the buildings, and so leave them, binds him, and makes him liable in case they are burned down by fire, etc. 2 Com. Rep., 627; 1 Term, 310, 710 — and that in the present case the complainant is entitled to the sum of £ 400, the value of the houses, with interest thereon, from the expiration of the lease (396) till paid.